

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00302-CV

**TODD PHILLIPPI,**

Appellant

v.

**CITI RESIDENTIAL LENDING, INC., ET AL,**

Appellee

From the County Court at Law
Ellis County, Texas
Trial Court No. C-08-3657

## ORDER ON REHEARING

### Motion for Reinstatement of Appeal

Appellant Todd Phillippi's motion for rehearing ("Motion for Reinstatement of Appeal") is granted. The Court's memorandum opinion and judgment, dated January 9, 2014, are withdrawn, and this appeal is reinstated.

### Fax Filings by Appellant

Because of Appellant's numerous violations of the Court's local rule for fax filing of documents, Appellant is prohibited from sending any further documents to the Clerk

of the Court by fax or filing any further documents with the Clerk of the Court by fax. *See* 10TH TEX. APP. (WACO) LOC. R. 8. If the Court receives any document from Appellant by fax, the document will not be filed or considered by the Court and the Court's $10 fax fee per document will remain due and owing by Appellant. **If Appellant fails to pay any due and owing fax fee within seven days after receipt of the fax by the Clerk of the Court, this appeal will be dismissed without further notification.** *See* TEX. R. APP. P. 42.3(c).

**Payment of Filing Fees**

Because of Appellant's several failures to pay the filing fee for a document at the time the document was presented for filing, TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5(b), Appellant is ordered to tender any required filing fee at the time of the presentation of a document for filing, unless Appellant has filed an indigence affidavit. TEX. R. APP. P. 5, 20.1; 10TH TEX. APP. (WACO) LOC. R. 5(c). If Appellant tenders a document for filing without a required filing fee and without having filed an indigence affidavit, the document will not be filed or considered by the Court and the Court's filing fee will remain due and owing by Appellant. TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5(c). **If Appellant fails to pay any due and owing filing fee within seven days after receipt of the document by the Clerk of the Court and has not filed an indigence affidavit, this appeal will be dismissed without further notification.** *See* TEX. R. APP. P. 5, 42.3(c); 10TH TEX. APP. (WACO) LOC. R. 5(c).

**Service of Documents**

Appellee has alleged that Appellant has committed numerous violations of the

service requirement in Rule of Appellate Procedure 9.5. *See* TEX. R. APP. P. 9.5 (current version available at http://www.supreme.courts.state.tx.us/rules/traphome.asp; 77 TEX. B.J. 80 (2014)). To date, Appellant has not denied or otherwise responded to these allegations.

Because of these apparent violations, Appellant is ordered to comply with the following service requirements for *all* documents tendered by Appellant to the Clerk of the Court:

1. The document shall comply with every applicable part of Rule 9.5.

2. Regarding Rule 9.5(d) and proof of service, the Clerk of the Court will not file a document that lacks proof of service and does not comply with this order.

3. If the document contains a certificate of service, the certificate of service *must* specifically comply with Rule 9.5(e) and *must* be supported by Appellant's notarized verification, affidavit, or unsworn declaration (*see* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c)).

4. If Appellant tenders to the Clerk of the Court a document that does not comply with this order's service requirements *in any respect*, the document will not be filed and will not be considered by the Court without further notification to Appellant, and the appeal will proceed as if the document were never tendered to the Clerk of the Court.

5. For any document tendered by Appellant to the Clerk of the Court more than seven days after the date of this order, if, upon motion by Appellee, *see* TEX. R. APP. P. 10.2, the Court determines that Appellant has failed to serve the document on Appellee in accordance with Rule 9.5 and this order, **this appeal will be dismissed.** *See* TEX. R. APP. P. 42.3(c).

### Appellant's Mailing Address

The Clerk of the Court has had at least two mailings to Appellant returned by the United States Postal Service. Within fourteen days of the date of this order, Appellant is

ordered to file a certification of his current mailing address. The certification shall comply with Rule of Appellate Procedure 9.1(b) and with the above order pertaining to Appellant's service of documents. **If Appellant fails to timely file this certification, this appeal will be dismissed without further notification.** *See* TEX. R. APP. P. 42.3(c).

If Appellant's mailing address changes while this appeal is pending, Appellant is ordered to file a certification of his new mailing address within fourteen days of the change of address. The certification shall comply with Rule of Appellate Procedure 9.1(b) and with the above order pertaining to Appellant's service of documents. **If Appellant fails to timely file this certification, this appeal will be dismissed without further notification.** *See* TEX. R. APP. P. 42.3(c).

### Appellant's Brief

Appellant's brief was tendered to the Clerk of the Court by fax on January 15, 2014, after this appeal had been dismissed and in violation of the Court's local rule for fax filing of documents. 10TH TEX. APP. (WACO) LOC. R. 8. Appellant's brief was received but not filed.

Appellant's brief is deficient in numerous respects: It lacks a statement of the issues presented (TEX. R. APP. P. 38.1(f)); it lacks a summary of the argument (*id.* 38.1(h)); it lacks the appendix (*id.* 38.1(k)); it lacks proper proof of service (*id.* 9.5(e)); and it lacks a certificate of compliance (*id.* 9.4(i)(3)).

Within twenty-one days of the date of this order, Appellant is ordered to file an amended brief that corrects all of these deficiencies and that otherwise complies with this order. No motion to extend time to file the amended brief by Appellant will be

entertained by the Court. **If Appellant fails to timely file an amended brief, this appeal will be dismissed without further notification.** *See* Tex. R. App. P. 42.3(b, c).

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed March 6, 2014
Do not publish